UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JANE FENTON | ) | CIVIL ACTION NO. 1:09-CV-10953WGY |
|     Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAW OFFICES HOWARD LEE | ) | |
| SCHIFF PC | ) | |
|     Defendant | ) | JUNE 29, 2009 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, Law Offices Howard Lee Schiff, P.C. [hereinafter, "HLS"], hereby submits the following Memorandum of Law in Support of its Motion to Dismiss plaintiff's Complaint dated June 4, 2009 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

## I. BACKGROUND

This is an action against the defendant-law firm purportedly alleging two counts:

(1) for violations of the Fair Debt Collection Practices Act, 15 U.S.A. § 1692c, e, and g, [hereinafter, the "Fair Debt Act"]; Complaint ¶7 of First Count; and

(2) for violations of the M.G.L. c 93A §2 based upon the alleged violations of the Fair Debt Act.

A balance due and owing on defendant's Providian credit card was referred to the then Massachusetts law firm of Wolpoff & Abramson for collection. In 2006, Wolpoff instituted suit on behalf of Centurion Capital Corporation—the then owner of this debt—seeking the recovery of $2,585.12 in Quincy District Court [hereinafter, "the State Court Action"]. Ms. Fenton responded to

Wolpoff's complaint by writing a letter dated June 2, 2006 indicating that was "living on social security disability." Nothing in her letter indicated that she disputed the debt. In fact, it suggested that she admitted that she owed the debt, but unable to pay it given her circumstances. **Exhibit 1.** A default judgment was rendered against Ms. Fenton in December, 2006.

In February 2007, Wolpoff & Abramson closed its Massachusetts office, and the Fenton case file was transferred to the defendant law firm for handling on March 2, 2007. Law Offices Howard Lee Schiff appeared for the plaintiff, Palisades. At that time, supplementary process to enforce the judgment was pending against Ms. Fenton. Ms. Fenton moved the Court to set aside the default on April 28, 2008, and her motion was subsequently allowed by the District Court. Palisades later acquired the debt, and was substituted as the plaintiff. Further facts are set forth below as they relate to the plaintiff's Complaint.

As more fully set forth below, any alleged violations of the Fair Debt Act are now barred by the statute of limitations, even if they did occur, or are simply invalid. Moreover, there were no violations of M.G.L. c. 93A which can form a legitimate basis for this cause of action. As a result, the plaintiff's Complaint must be dismissed by this Court.

## II   STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motions, this Court must only accept as true "well pleaded factual allegations" contained in the Complaint. "Rule 12(b)(6) is not, however, a 'toothless tiger.'… In considering a motion to dismiss, "courts should . . . eschew any reliance on `bald assertions, unsupportable conclusions, and opprobrious epithets.'… While the complaint need only set forth 'a generalized statement of facts' to avoid dismissal, the plaintiff must provide enough information 'to

outline the elements of [the] claim.'"  *Luthy v. Proulx,* 464 F.Supp. 2d 69, 73 (D. Mass. 2006) (citations omitted); *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 67 (1st Cir.2004)  (adopting a notice pleading standard in civil rights cases, but reasserting that courts should not rely on bald assertions).

## III    THE FAIR DEBT COLLECTION PRACTICES ACT

In 1977, Congress passed the Fair Debt Collection Practices Act [hereinafter, "FDCPA" or "the Fair Debt Act"] for the purpose of eliminating abusive debt collection practices.  15 U.S.C. § 1692, *et seq.*   Attorneys at law who regularly practice in the area of consumer collection work are subject to the provisions of the Fair Debt Act, and must comply therewith.  *See Heintz v. Jenkins,* 514 U.S. 291 (1995).

Some of plaintiff's claims are time barred by the one year statute of limitations for bringing claims under the FDCPA.  15 U.S.C. §1692k provides in relevant part:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, **within one year from the date on which the violation occurs.**

Each the plaintiff's allegations of violations of the Fair Debt Act in the Complaint are discussed separately below:

### A.  ALLEGED FAILURE TO SEND VALIDATION NOTICE

Plaintiff first alleges that the defendant law firm failed to send her a "verification letter after the initial contact."  ¶10 of Complaint.  This, according the plaintiff, constitutes a violation of 15

3

U.S.C. §1692g(a)(1), (2) and (3).  ¶s 18, 19, 20 and 21 of Count One of the Complaint.  When Palisades State Court Action was transferred to Law Offices Howard Lee Schiff P.C. on March 2, 2007, after Wolpoff & Abramson closed its Massachusetts office, a letter was sent to Ms. Fenton on March 5, 2007, providing plaintiff with the required validation notice pursuant to 15 U.S.C. §1692g.

15 U.S.C. §1692g provides that the plaintiff is obligated to provide defendant with a validation as follows:

> **Within five days after the initial communication with a consumer in connection with the collection of any debt**, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

On March 5, 2007—as its first communication with Ms. Fenton—Law Offices Howard Lee Schiff P.C. sent a validation notice of Ms. Fenton.  *See* **Exhibit 2**.  This letter clearly contained the required notice, and therefore, Ms. Fenton's claim that she was never sent a validation notice is simply false. *See Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85 (2nd Cir. 2008).

Moreover, even assuming no validation notice was sent to Ms. Fenton, her claims relating to

an alleged failure to provide notice are now time-barred by the provisions of 16 U.S.C. §1692k.  Any action for an alleged failure to send a validation notice should have been commenced within 1 year after the alleged failure to send notice.  Since the validation is required within 5 days after a debt collection's first communication with the debtor, this notice was *required* by March 10, 2007.  Therefore, any action based upon an alleged failure to send the notice had to be brought by March 10, 2008.  *See James v. Ford Motor Credit Co.,* 47 F.3d 961, 963 (8th Cir. 1995).  Since the present action was not commenced until June 2009, the claim is clearly belated.  Therefore, this claim is not viable and must be dismissed.

### B. ALLEGED FAILURE TO PROVIDE NAME AND ADDRESS OF ORIGINAL CREDITOR.

Ms. Fenton has also alleged that defendant violated 15 U.S.C. §1692g(a)(5) because it "failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. §1692g(a)(5)."  ¶22 of Count One of the Complaint.

This allegation is simply incorrect.  15 U.S.C. §1692g(a)(5), *supra,* provides that the debt collector must include in the validation notice that the original creditor's name and *address may be requested by the debtor.*  Therefore, Ms. Fenton's claim of an alleged violation of the statute is clearly misleading, improper, and unsupported by the law.  Moreover, Ms. Fenton never even requested this information from the defendant law firm.

### C.  ALLEGED FAILURE TO PROVIDE VALIDATION OF DEBT

Plaintiff next claims that the defendant requested verification "a number of times, but the Defendant has yet to send the Plaintiff verification of the debt."  ¶11 of Complaint.  She claims this was in violation of 15 U.S.C. §1692g(b).  ¶23 of Count One of the Complaint.

5

Plaintiff is referring to 15 U.S.C. §1692g(b) which provides:

If the consumer notifies the debt collector **in writing within the thirty-day period described in subsection (a) of this section that the debt,** or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

First, there is *never any written reques*t from Ms. Fenton to the defendant indicating that she disputes the debt and/or she sought original creditor information *within the 30-day period after the validation notice was sent to the plaintiff*. The only documentation received by the defendant law firm from Ms. Fenton was her June 17, 2008 Answer to the Complaint, attached hereto as **Exhibit 3,** wherein she indicates for the first time that she requests that the creditor "produce any and all papers showing $2,585.12 they are owes any monies." *Id.* at ¶6. This Answer, dated June 17, 2008, was sent to the defendant law firm *well beyond the 30 day period* provided for under 15 U.S.C. §1692g(b) for a dispute of the debt to required the debt collector to "cease collection of the debt."

Therefore, the plaintiff does not have a sustainable claim that defendant failed to provide her with validation of the debt in violation of 15 U.S.C. §1692g(b).

### D. ALLEGED CONTACT AT INCONVENIENT TIMES OR PLACES

Plaintiff vaguely alleges that the defendant contacted plaintiff at times or places that were inconvenient in violation of 15 U.S.C. §1692c(a)(1). ¶16 of Count One of the Complaint. This claim

is simply false. This section provides in relevant part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

There is no allegation that plaintiff was contacted prior to 8:00 a.m. or after 9:00 p.m., or that she was in place where should could not be contacted. There are no facts alleged to support this allegation. This is simply a bald, legal conclusion alleged without any factual basis to support it.

Indeed, no telephone calls were *ever* made to this defendant because she had requested that no calls be made to her relating to this case. The file consists of a log describing all contacts with the debtor. The log reveals the following:

(a) Ms. Fenton called the defendant law firm on April 9, 2008 and was advised that, to honor her request that the debt collector cease and desist all calls to her, the firm was unable to speak to her with our her written permission to do so.[1] Ms. Fenton disconnected the call;

(b) The only other communications between Ms. Fenton and the defendant law firm were during court appearances on the Palisades State Court Action.

Moreover, the defendant law firm has strict policies in place which prohibit calls before 8:00 a.m. or after 9:00 p.m.—absent the express written request by a debtor.

In this case, the file reveals that no such calls were placed to Ms. Fenton before or after the

---

[1] This was based upon an early communication by Ms. Fenton to Wolpoff and Abramson indicating that she demanded that the firm "stop calling her." Wolpoff honored her request and placed a "C&D" on the file—indicating that all future calls and letters to Ms. Fenton were to cease. When the file was transferred to the defendant law firm, the C&D was

hours prohibited by the Fair Debt Act, and the only communication by phone with Ms. Fenton was a call placed by the plaintiff to the defendant law firm.  Moreover, when Ms. Fenton called, she was immediately reminded of her request for no oral communications, and that the communication was not permitted.  Ms. Fenton never sent a letter to the defendant law firm requesting that there by any waiver of this request, and therefore, there were no calls.

Furthermore, plaintiff can hardly complain that communications were made to her at an "inconvenient place" when all other communications were held while at Court, and required as part of the legal proceedings.

Therefore, this allegation is not completely false and unsustainable.  Therefore, it must be dismissed.

### E.  ALLEGED FAILURE TO REPORT DISPUTED DEBT.

Plaintiff next claims that defendant failed to report this debt as disputed in violation of 15 U.S.C. §1692e(8).  ¶17 of Count One.  This allegation is misdirected.  15 U.S.C. §1692e(8) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*.

Defendant did not dispute the validity of the debt under the provisions of 15 U.S.C. §1692g. In her original response to the complaint, she asserted she could not afford to pay the debt.  **Exhibit 1**.  Therefore, the debt was not "disputed" by this defendant.  It was not until she filed her Answer in

---

communicated, and the file continued to be marked "C&D" so that telephonic communications were prohibited, and no

June 2008 that she claimed that the debt had been satisfied.  **Exhibit 3.**

In order claim that she was entitled to some report that the debt was disputed, Ms. Fenton is required to provide written notice of a disputed debt, as specified by 15 U.S.C. §1692g.  *Brady v. Credit Recovery Co., Inc.,* 26 F.Supp. 2d 201, 204 (D.Mass. 1998) (the phrase "disputed debt" refers to 15 U.S.C. §1692g(b); therefore, if the debtor has not provided written notice under this section, she is not entitled to demand that the debt collector report the debt as disputed to anyone).

This portion of the Fair Debt Act does not impose an affirmative duty on Law Offices Howard Lee Schiff to disclose to anyone that Ms. Fenton has disputed this debt.  Instead, this section only applies "if a debt collector *elects* to communicate 'credit information' about a consumer."  In such cases, the debt collector must not omit that the debt is disputed by the debtor.  *See Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir. 2007) (upholding District Court's granting of motion to dismiss alleged violation of §1692e(8)).

Law Offices Howard Lee Schiff does not report *any* information to *any* credit bureaus or credit reporting agencies, and therefore, it cannot report any information regarding an alleged dispute to any credit bureaus.  The Fair Debt Act does not require that defendant law firm report to a credit bureau, as suggested by Ms. Fenton—it merely states that, when communicating credit information, the failure to communicate that the debt is disputed is a violation of the Fair Debt Act.

Therefore, this claim is invalid and must be dismissed.

Based upon the foregoing, none of the plaintiff's alleged violations of the Fair Debt Act in Count One of this Complaint are valid, and therefore, this Court must be dismissed.

---

collection letters could be sent to her.

### IV. M.G.L. c. 93A

The entire Count alleging 93A is based entirely upon alleged violations the Fair Debt Act by the defendant—as discussed above. Since there are no sustainable claims that plaintiff violated the Fair Debt Act, this Court has no subject matter jurisdiction over the defendant's state law claims. Therefore, Count Two must be dismissed.

> Dismissal of the state claim might even…be merited. For example, it may appear that the plaintiff was well aware of the nature of [her] proofs and the relative importance of [her] claims; recognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case. Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed.

*Alger v. Ganick, O'Brien & Sarin,* 35 F.Supp. 2d 148, 159 (D. Mass. 1999); *see also Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168,1177 (3d Cir. 1995)(where state issues substantially predominate, the state claims may be dismissed).

Moreover, §9 of M.G.L. c. 93A provides in relevant part:

> (3) *At least thirty days prior to the filing of any such action,* a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.

This plaintiff failed to send the defendant law firm any demand letter prior to the commencement of this 93A action, and therefore, plaintiff has deprived the defendant law firm of the right to have this case resolved before suit was filed, make an offer, and limit its exposure here.

### VI      CONCLUSION

Plaintiff's conclusory Complaint falls far short of even the liberal notice pleadings requirements in Federal Court. What few facts are actually alleged do not support a cause of action under either Federal or state law,

For these reasons, this Court must dismiss plaintiff's Complaint under Rule 12(b)(6).

DEFENDANT, LAW OFFICES HOWARD LEE SCHIFF PC

/S/ _Karen Wisniowski_
Karen Wisniowski  BB0#633018
Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602

Dated: June 29, 2009

CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, this 29TH day of JUNE, 2009 to the following counsel of record:

**COUNSEL FOR PLAINTIFF**
SERGI LEMBERG, ESQ.
1100 SUMMER STREET, 3RD FLOOR
STAMFORD, CT. 06905

/S/ _Karen Wisniowski_
Karen Wisniowski

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**